**Sayo JALLOH, Petitioner,**

v.

**Peter D. KEISLER, Acting U.S. Attorney General[1], Respondent.**

**No. 06–5825–ag.**

United States Court of Appeals, Second Circuit.

Nov. 8, 2007.

Matthew J. Harris, Brooklyn, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Washington D.C., Greg D. Mack, Senior Litigation Counsel, Robbin K. Blaya, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington D.C., for Respondent.

Present: Hon. RICHARD J. CARDAMONE, Hon. WALKER and Hon. B.D. PARKER, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

***SUMMARY ORDER***

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Sayo Jalloh, a native and citizen of Sierra Leone, seeks review of a November 29, 2006 order of the BIA affirming the June 3, 2005 decision of Immigration Judge ("IJ") Helen Sichel pretermitting Jalloh's application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jalloh,* No. A 79 299 341 (B.I.A. Nov. 29, 2006), *aff'g* No. A 79 299 341 (Immig. Ct. N.Y. City June 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). The Court reviews *de novo* questions of law

and the application of law to undisputed facts. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Jalloh concedes that this Court does not have jurisdiction to review the pretermission of his asylum application. Moreover, by failing to raise it in his brief to this Court, Jalloh has waived any challenge to the agency's denial of CAT relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). As such, we consider only whether substantial evidence supports the IJ's denial of Jalloh's application for withholding of removal.

Substantial evidence supports the agency's determination that country conditions in Sierra Leone have fundamentally changed such that Jalloh cannot establish that he will more likely than not be persecuted if returned. *See* 8 C.F.R. § 1208.16(b)(1)(i); *see also Jalloh v. Gonzales,* 498 F.3d 148, 151 n. 2 (2d Cir.2007) (finding that substantial evidence supported the BIA's finding that country conditions in Sierra Leone had changed because the civil war ended, the SLPP gained control of parliament, and Kabbah was reelected) president. The agency appropriately observed that the 2004 Department of State country report indicated that the civil war in Sierra Leone had ended, that the Sierra Leone People's Party (the "SLPP"), of which Jalloh is a member, had gained control of parliament in 2002, and that Ahmed Tejan Kabbah of the SLPP was reelected as president in 2002. Jalloh did not contest those findings, but instead argues that rebels nonetheless continue to terrorize citizens and, specifically, kidnap and rape women, indicating that his wife would be in danger. Any danger to his wife, however, does not bear on his claim that he, individually, would more likely than not be persecuted on account of

a protected ground. *See* 8 C.F.R. § 1208.16(b); *Shi Liang Lin,* 494 F.3d at 308 ("[A]pplicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer."). Nor does the fact that rebels "continued to hold some person" satisfy the "more likely than not" standard. As a whole, the record does not compel us to conclude, contrary to the agency, that Jalloh will more likely than not be persecuted upon his return. *See Zhou Yun Zhang,* 386 F.3d at 73 & n. 7; *Jalloh,* 498 F.3d at 151 n. 2.

Jalloh further argues that the agency failed to evaluate how the country conditions evidence affected his claims specifically, as required under *Tambadou v. Gonzales,* 446 F.3d 298 (2d Cir.2006). However, the agency specifically found that because the civil conflict had ended and Jalloh's party, the SLPP, had gained control of the parliament and regained control of the presidency in 2002, any fear of a likelihood of persecution was not objectively reasonable.

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).